ALEXANDER ROBERTSON, IV (State Bar No. 127042)
arobertson@arobertsonlaw.com
MARK J. UYENO (State Bar No. 189063)
muyeno@arobertsonlaw.com
ROBERT NATION (State Bar No. 108490)
rnation@arobertsonlaw.com
ROBERTSON & ASSOCIATES, LLP
32121 Lindero Canyon Road, Suite 200
Westlake Village, California 91361
Telephone: (818) 851-3850 • Facsimile: (818) 851-3851

Attorneys for Plaintiffs And The Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ABAD, KEN SOLORIO, JULIE SOLORIO, CRAIG WEISS, STEVE COTTINGTON, PATTY COTTINGTON. and CRAIG LYZNICK, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LUMBER LIQUIDATORS, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:15-cv-3795<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. Violations of the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.);<br>2. Violations of the False Advertising Law (Cal. Bus. & Prof. Code § 17500);<br>3. Violation of Consumer Legal Remedies Act (Cal. Civ. Code § 1750);<br>4. Fraudulent Concealment; and<br>5. Breach of Implied Warranty.<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiffs JESUS ABAD, KEN SOLORIO, JULIE SOLORIO, CRAIG WEISS, STEVE COTTINGTON, PATTY COTTINGTON and CRAIG LYZNICK, individuals, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendant LUMBER LIQUIDATORS, INC. ("Defendant"). Plaintiffs hereby allege, on information and

belief, except as to those allegations that pertain to the named Plaintiffs, which allegations are based on personal knowledge, as follows:

## INTRODUCTION

1. Defendant is a corporation that distributes, markets, and sells laminate wood flooring products in California.

2. Defendant supervises and controls the manufacturing of its laminate wood flooring that is produced in China. Laminate wood flooring consists of a core of medium-density fiberboard ("MDF"), which is an engineered wood product made by breaking down hardwood or softwood residuals into wood fibers and combining the fibers with a wax and resin binder. Using pressure and high temperature, the planks of MDF are then fused together with a decorative high quality photographic image of wood, and a transparent, protective layer on top.

3. Defendant advertises that its laminate wood flooring has specific abrasion class ("AC") ratings, which are expressed in one of five universal rating categories. Below is a chart of the AC ratings and their recommended uses as published by Defendant on its website:

| | Rating | Description |
|---|---|---|
| (moderate) | AC 1 | House, One Person, 21 (Residential, Moderate Traffic: Suitable for bedrooms or guest rooms) |
| (general) | AC 2 | Residential, General Traffic: Suitable for living rooms or dining rooms |
| (heavy) | AC 3 | Residential, Heavy Traffic: Suitable for all areas |
| (moderate) | AC 3 | Commercial, Moderate Traffic: Hotel rooms, small office |
| (general) | AC 4 | Commercial, General Traffic: Office, boutique, café |
| (heavy) | AC 5 | Commercial, Heavy Traffic: Public buildings, department stores |

ROBERTSON & ASSOCIATES, LLP

18244.1

4.      Defendant's webpage (www.lumberliquidators.com/blog/whats-an-ac-rating/), explains to its customers the significance of an AC Rating:

> "Considering some new laminate thanks to your coupon? You may think the thicker the laminate the better, and the longer the warranty the longer it will last! That isn't always the case, though. So how do you know which laminate will last in your home (or commercial space)? Luckily, the European Producers of Laminate Flooring (EPLF) developed the Abrasion Rating System to give us a way of determining durability and recommended usage level of different laminate floors. The common term used to denote the durability of laminate flooring is the Abrasion Criteria or "AC" rating.
>
> So, what exactly do AC ratings tell us? They represent a laminate's resistance to abrasion, impact, stains and cigarette burns. AC ratings also indicate that the product has been tested for the effects of furniture legs, castors, and swelling along its edges. When a laminate flooring product has a rating, then it has passed all of the test criteria. Failing just one test will disqualify a product.
>
> The AC rating levels are designated AC1 through AC5, each reflecting the product's application and durability.
>
> . . .
>
> An AC3 for residential use is perfectly adequate. Typically the higher the laminate flooring rating, the higher the price may be."

5.      On its website, Defendant advertises that its Dream Home line of laminate wood floor products have an AC rating of "AC3".

6.      Defendant sells the Dream Home laminate floor products, and others, at Lumber Liquidators' 37 retail stores in California. Lumber Liquidators also sells these laminate floor products to California consumers through the internet at www.lumberliquidators.com and through telephone sales at 1-800-HARDWOOD.

7.      Over the past several months, a sample of each of the Chinese-made laminate flooring products purchased by the Plaintiffs was tested by a certified and accredited laboratory, which conducted abrasion testing on these samples. These samples were taken from boxes of unused laminate flooring each Plaintiff still has on hand after installing these laminate flooring products in their homes. Three samples from the same plank of laminate flooring were submitted to the laboratory for testing. The testing method used by the lab is the same standardized test method

used worldwide throughout the flooring industry to determine the AC rating of laminate flooring products. Each of the Plaintiffs' Chinese-made laminate flooring failed to meet the AC3 rating which was advertised by Lumber Liquidators. In fact, the Kensington Manor Warm Springs Chestnut and Kensington Manor Golden Teak did not even meet the AC1 usage level, which is the lowest rating on the scale. The other laminate flooring either met the AC1 or AC2 rating.

8. Plaintiffs seek to represent themselves and all similarly-situated persons in California who have purchased Lumber Liquidators' laminate flooring manufactured in China, advertised with an AC Rating of "AC3", and sold to consumers in California at any time from the date the products were first placed into the marketplace through the date of judgement herein (the "putative class"). Pursuant to California's Unfair Competition Law, Cal. *Bus. & Prof. Code* § 17200, *et seq.* ("UCL" or "§17200"), the Consumer Legal Remedies Act, Cal. *Civ. Code* § 1750, *et seq.* ("CLRA"), False Advertising Law in violation of Cal. *Bus & Prof. Code* § 17500, *et seq.*, fraudulent concealment cause of action and breach of implied warranty cause of action, Plaintiffs seek damages and equitable relief on behalf of the Class, which relief includes but is not limited to the following: restitution to the Plaintiffs and class members of the full amount they paid for their laminate flooring and the cost to remove the defective flooring; costs and expenses, including attorneys' fees and expert fees; injunctive relief and declaratory relief; and any additional relief that this Court determines to be necessary to provide complete relief to Plaintiffs and the Class.

**PARTIES**

9. Plaintiff Jesus Abad resides in Covina, California.
10. Plaintiffs Ken and Julie Solorio reside in Winters, California.
11. Plaintiff Craig Weiss resides in Applegate, California.
12. Plaintiffs Steve and Patty Cottington reside in North Fork, California.
13. Plaintiff Craig Lyznick resides in Santa Clarita, California

ROBERTSON & ASSOCIATES, LLP

18244.1

4

COMPLAINT

14. Defendant Lumber Liquidators, Inc. is a Delaware corporation with its headquarters and principal place of business in Toano, Virginia. Defendant conducts substantial business in the State of California.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), in that the matter is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and members of the Class are citizens of a state different from the Defendant.

16. This Court has personal jurisdiction over the parties in this action by the fact that Defendant is a corporation that is authorized to conduct business in California and it has intentionally availed itself of the laws and markets of California through the promotion, marketing, distribution and sale of its laminate wood flooring products. Each named Plaintiff purchased their laminate flooring in California.

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Venue is also proper under 18 U.S.C. §1965(a), because Defendant transacts a substantial amount of its business in this District. Plaintiffs are filing concurrently herewith an affidavit stating facts showing that this action has been commenced in a proper county pursuant to California *Civil Code* section 1780(c).

## FACTUAL ALLEGATIONS

18. On or about June 24, 2012, Plaintiff Jesus Abad purchased Dream Home St. James Blacksburg Barn Board 12mm laminate flooring from Lumber Liquidators' store located at 19555 East Walnut Drive South, City of Industry, California. The abrasion testing of Jesus Abad's laminate floor resulted in an Abrasion Class rating of AC1, when in fact it was advertised by Lumber Liquidators

as having an abrasion rating of "AC3".

19. On or about May 26, 2013, Plaintiffs Ken and Julie Solorio purchased Dream Home Kensington Manor Sandy Hills Hickory 12mm from a store located at Lumber Liquidators' store located at 9816 Business Park Drive, Sacramento, California. The abrasion testing of the Solorios' laminate floor resulted in an abrasion rating of AC1, when in fact it was advertised by Lumber Liquidators as having an abrasion rating of "AC3".

20. On or about July 31, 2012 and October 21, 2012, Plaintiff Craig Weiss purchased Dream Home St. James Vintner's Reserve 12mm laminate flooring from a Lumber Liquidator's store located at 2863 Zinfadel Drive, Rancho Cordova, California. The abrasion testing of Craig Weiss' laminate floor resulted in an abrasion rating of AC1, when in fact it was advertised by Lumber Liquidators as having an abrasion rating of "AC3".

21. On or about August 9, 2014, Plaintiffs Steve and Patty Cottington purchased Kensington Manor Warm Springs Chesnut 12mm laminate flooring from Lumber Liquidators' store located at 2955 S. Orange Ave, Fresno, California. The results of the abrasion testing on Steve and Patty Cottington's laminate floor resulted in a finding that it did not even meet the AC1 rating, the lowest abrasion classification on the scale.

22. On or about July 15, 2014, Plaintiff Craig Lyznick purchased Kensington Manor Golden Teak 12mm laminate flooring from Lumber Liquidators' store located at 18821 Soledad Canyon Road, Santa Clarita, California. The results of the abrasion testing on Craig Lyznick's laminate floor resulted in a finding that it did not even meet the AC1 rating, the lowest abrasion classification on the scale.

///
///
///
///

23. Plaintiffs are informed and believe, and thereon allege that abrasion testing performed by an accredited and independent laboratory on Lumber Liquidators' laminate flooring listed below also failed to meet the AC3 Abrasion Class rating as advertised by Lumber Liquidators:

    a) Dream Home St. James Burnet Road Russet;

    b) Dream Home Ispiri Americas Mission Olive;

    c) Dream Home Kensington Manor Imperial Teak;

    d) Dream Home Kensington Manor Tanzanian Wenge.

24. Despite the fact that the Plaintiffs' laminate flooring purchased from Lumber Liquidators has an AC rating far below the AC rating which was advertised by Lumber Liquidators, Defendant has made numerous representations to the contrary.

25. Defendant's website represents to consumers that its laminate flooring products have an "AC Rating: 3" when in fact they all have much lower AC ratings, or in some cases, do not meet the minimum abrasion rating.

26. On information and belief, at all times relevant to this action, Defendant has knowingly misrepresented its laminate wood flooring products have an "AC3" rating and knowingly failed to disclose to consumers that its laminate wood flooring products made in China have a much lower AC rating than advertised by Lumber Liquidators.

27. Plaintiffs did not discover, nor would a reasonable consumer have had reason to suspect, that Defendant knowingly misrepresented that its laminate wood flooring products have an "AC3" rating and knowingly failed to disclose to consumers the true lower AC Rating of its laminate wood flooring products until Plaintiffs had their laminate flooring tested by independent labs in April and May of 2015.

28. Plaintiffs have suffered injury in fact and loss of money or property. They have been damaged in the amount they paid for their defective and inferior

1  grade of laminate flooring, while being charged for a superior grade of flooring.

## CLASS ALLEGATIONS

29. This action may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The Class is sufficiently numerous, since it is estimated to include tens of thousands of consumers throughout California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties and the Court.

30. <u>Class Definition</u>: Without prejudice to later revisions, the Class which Plaintiffs seek to represent is composed of: all consumers who purchased Chinese-made laminate flooring from Lumber Liquidators in California which Lumber Liquidators has advertised has an "AC3" rating from the time of their introduction in the marketplace through and including the date of class notice (the "Class"). Excluded from the Class are Defendant, its affiliates, employees, officers and directors, persons or entities that distribute or sell the laminate flooring, the Judge(s) assigned to this case, and the attorneys of record in this case.

31. Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class. Plaintiffs reserve the right to amend the Class definitions if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

32. <u>Ascertainable Class</u>: While Plaintiffs do not know the exact number and identity of all class members, Plaintiffs are informed and believe that there are tens, if not hundreds of thousands of class members. The precise number of members can be ascertained through discovery, which will include Defendant's sales, service and other business records.

33. <u>Common Questions of Law and Fact Predominate</u>: There is a well-defined community of interest among the Class. The questions of law and fact common to the Class predominate over questions that may affect individual Class Members. These questions of law and fact include, but are not limited to, the

following:

a. Whether Defendant exercised reasonable care in testing the abrasion rating for its laminate flooring prior to its release for commercial sale;

b. Whether Defendant's laminate flooring is defective when used as directed, intended or in a reasonably foreseeable manner;

c. Whether Defendant's laminate flooring has an AC Rating less than as advertised;

d. Whether Defendant's laminate flooring was fit for its intended purpose;

e. Whether Defendant has breached the implied warranty of fitness for a particular purpose;

f. Whether Defendant has breached the implied warranty of merchantability;

g. Whether Defendant has acted negligently;

h. Whether Defendant knew that its laminate flooring was, and is, materially defective;

i. Whether Defendant omitted and concealed material facts from its communications and advertising to Plaintiffs regarding the AC Rating of its laminate flooring;

j. Whether Defendant breached its express and/or implied warranties;

k. Whether Defendant is strictly liable to Plaintiffs and the class;

l. Whether Defendant failed to warn Plaintiffs and the class;

m. Whether Defendant has violated the UCL;

n. Whether Defendant has violated the CLRA;

o. Whether Defendant has received funds from Plaintiffs and class members that it unjustly received;

    p.    Whether Plaintiffs and proposed class members have been harmed and the proper measure of relief;

    q.    Whether Plaintiffs and proposed class members are entitled to an award of punitive damages, attorneys' fees and expenses against Defendant; and

    r.    Whether, as a result of Defendant's misconduct, Plaintiffs are entitled to equitable relief, and if so, the nature of such relief.

34.    <u>Numerosity</u>: The Class is so numerous that the individual joinder of all members of the Class is impractical under the circumstances of this case. While the exact number of members of the Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe the Class consists of thousands of persons. Individual joinder of Members of the Class is also impracticable because the individual Members are dispersed throughout California.

35.    <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the members of the proposed class. Plaintiffs and all class members have been injured by the same wrongful practices of Defendant. Plaintiffs' claims arise from the same practices and conduct that give rise to the claims of all class members and are based on the same legal theories.

36.    <u>Adequacy</u>: Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiffs seek no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class Members. Plaintiffs have retained attorneys experienced in consumer class actions and complex litigation as counsel.

37.    <u>Superiority</u>: The disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both the parties and the Court. The nature of this action and the nature of laws available to

ROBERTSON & ASSOCIATES, LLP

18244.1

10

COMPLAINT

Plaintiffs and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

    s.    The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

    t.    If each Class Member was required to file an individual lawsuit, the Defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with vastly superior financial and legal resources;

    u.    The costs of individual suits could unreasonably consume the amounts that would be recovered;

    v.    Given the size of individual proposed class member's claims and the expense of litigating those claims, few, if any, proposed class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent proposed class members have no substantial interest in individually controlling the prosecution of individual actions;

    w.    This action will promote an orderly and expeditious administration and adjudication of the proposed class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured; and

    x.    Without a class action, proposed class members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendant continues to reap and retain the substantial proceeds of its wrongful conduct.

    y.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

    z.    Proof of a common business practice or factual pattern which Plaintiffs experienced is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the causes of action alleged; and

    aa.    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

38.    Plaintiffs and Class Members have all similarly suffered irreparable harm and damages as a result of Defendant's unlawful and wrongful conduct. This action will provide substantial benefits to Plaintiffs, the Class and the public because, absent this action, Plaintiffs and Class Members will continue to suffer losses, thereby allowing Defendant's violations of law to proceed without remedy and allowing Defendant to retain proceeds of its ill-gotten gains.

## FIRST CAUSE OF ACTION

## Violations of the Unfair Competition Law

## (Cal. Bus. & Prof. Code § 17200, et seq.)

39.    Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

40.    The acts, omissions, and practices of Defendant as alleged herein constituted, and continue to constitute, unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California *Business & Professions Code*. Plaintiffs have standing to bring this action under *Business & Professions Code* § 17200 because they have suffered injury in fact and have lost money because of the Defendant's conduct.

41.    Defendant has engaged in "unlawful" business acts and practices by its violation of the statutes and regulations, referenced above, including, but not limited

to: California *Business & Professions Code* section 17200, *et seq.*; California *Business & Professions Code* section 17500, *et seq.*; California *Civil Code* section 1750, *et seq.*; and California common law that prohibits fraudulent concealment and breaches of implied warranty.

42. Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's misrepresentation about the Abrasion Class rating of its laminate flooring outweighs the utility of such conduct and the conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Plaintiffs and the Class, and provides Defendant with an unfair competitive advantage over those companies that abide by the law.

43. Defendant's actions described herein constitute fraud within the meaning of California *Business and Professions Code* section 17200, *et seq.* in that Defendant has failed to disclose the true Abrasion Class rating of its laminate flooring products. Defendant's failure to disclose the true Abrasion Class rating of its laminate flooring was likely to mislead Plaintiffs and the Class into believing that the laminate flooring had a higher abrasion rating and would be more durable and resistant to abrasion, impact, stains and the effects of furniture legs, castors and swelling along the edges.

44. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiffs and the Class.

45. The aforementioned unlawful or unfair business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued individual and comprehensive corrective notices to Plaintiffs and the Class or provided full restitution and disgorgement of all ill-gotten monies either acquired or retained by Defendant as a result thereof, thereby depriving Plaintiffs and the Class of laminate flooring that truly does have an AC3 Abrasion Class rating.

18244.1

13

COMPLAINT

46. Pursuant to the *Business & Professions Code* section 17203, Plaintiffs and the Class seek an order of this Court requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiffs and the Class full restitution of all monies wrongfully acquired by Defendant by means of such "unlawful" and "unfair" conduct, plus interest and attorneys' fees pursuant to, inter alia, California *Code of Civil Procedure* section 1021.5, so as to restore any and all monies to Plaintiffs and the Class and the general public, which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Defendant. Plaintiffs and the Class additionally request that such funds be impounded by the Court or that an asset freeze or constructive trust be imposed upon such monies by Defendant. Plaintiffs and the Class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

**Violations of the False Advertising Law (Cal. Bus. & Prof. Code § 17500)**

47. Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

48. California *Business & Professions Code* section 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations that are likely to deceive members of the public to purchase products such as the laminate flooring.

49. Defendant caused advertisements for laminate flooring to be placed on its website, among other sources, before the general public and knew or should have known its laminate flooring did not conform to the advertisements' representations regarding the Abrasion Class rating of the product.

50. As a result of the foregoing, Plaintiffs, and other Class members, and consumers are entitled to injunctive and equitable relief and damages in an amount to be proven at trial.

///

## THIRD CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act (Cal. Civ. Code § 1750)

51. Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

52. This cause of action arises under the Consumers Legal Remedies Act ("CLRA"), California *Civil Code* § 1750, *et seq*. Plaintiffs are consumers as defined by California *Civil Code* section 1761(d). Defendant's laminate flooring constitutes "goods" as defined by California *Civil Code* section 1761(a). At all times relevant hereto, Defendant constituted a "person" as that term is defined in California *Civil Code* section 1761(a), and Plaintiffs' and class members' purchases of laminate flooring constituted "transactions," as that term is defined in California *Civil Code* section 1761(b).

53. Defendant violated and continues to violate the CLRA by engaging in the following deceptive practices specifically proscribed by California *Civil Code* section 1770(a), in transactions with Plaintiffs and class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

    bb. In violation of California Civil Code section 1770(a)(5), Defendant's acts and practices constitute misrepresentations that the laminate flooring in question has characteristics, benefits or uses which they do not have;

    cc. In violation of California Civil Code section § 1770(a)(7), Defendant has misrepresented that the laminate flooring in question is of particular standard, quality and/or grade, when they are of another; and

    dd. In violation of California Civil Code section 1770(a)(9), Defendant advertised the laminate flooring in question with the intent not to sell them as advertised or represented.

54. Defendant has made uniform representations that its laminate flooring

has an "AC3" Abrasion Class rating and therefore is "perfectly adequate" for residential use. These representations, as set forth above, were false, deceptive, and/or misleading and in violation of the CLRA.

55. Pursuant to California *Civil Code* section 1782, Plaintiffs have notified Defendant in writing by certified mail of the particular violations of California *Civil Code* section 1770 alleged herein, and have demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act. Plaintiffs sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

56. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days after receipt of the California *Civil Code* section 1782 notice, Plaintiffs will seek actual damages and punitive damages for violation of the Act. In addition, pursuant to California *Civil Code* section 1780(a)(2), Plaintiffs will be entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate California *Civil Code* section 1770.

57. Plaintiffs and the class will also be entitled to recover attorneys' fees, costs, expenses and disbursements pursuant to California *Civil Code* sections 1780 and 1781.

## FOURTH CAUSE OF ACTION
### Fraudulent Concealment

58. Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

59. Defendant advertised and/or marketed its laminate flooring to have an AC3 Abrasion Class rating, to be of good quality free from defects, and that it would perform in a reasonably expected fashion and/or use for its full useful lives. Defendant failed to disclose that its laminate flooring was not AC3 rated, as described above, and that the laminate flooring was of a lesser quality and had a

inferior ability to withstand abrasion than advertised. These facts were not known to Plaintiffs and the Class.

60. Alternatively, Defendant intentionally failed to disclose the fact that its laminate flooring had an Abrasion Class rating lower than AC3, a fact that was only known to Defendant, and Plaintiffs and the Class could not have discovered it. Plaintiffs are informed and thereon believe that Defendant knew of the lower abrasion rating of its laminate flooring from its product testing and "robust Quality Assurance program" performed prior to placing the laminate flooring into the stream of commerce.

61. Plaintiffs and the Class reasonably relied and continue to rely upon Defendant to sell laminate wood flooring with an AC3 Abrasion Class rating. Defendant knew or ought to have known that Plaintiffs and the Class relied and/or continues to rely upon Defendant to sell laminate wood flooring in which the entire lifetime of the goods could be fully used without prematurely falling apart and failing. Defendant's knowledge that its laminate flooring did not have an AC3 rating, combined with Defendant's knowledge that Plaintiffs and the Class relied or relies upon Defendant to communicate the true abrasion rating of its laminate flooring creates a legal obligation on Defendant's part to disclose to Plaintiffs and the Class these facts. Defendant is in a superior position to know the truth about, and the nature of, the Abrasion Class rating of its laminate flooring.

62. Defendant intended and intends to deceive Plaintiffs and the Class by failing to disclose that its laminate flooring is not rated AC3 and has failed and is likely to fail in advance of the reasonably expected useful life of laminate flooring which does have an AC3 rating.

63. Defendant's failure to disclose the correct Abrasion Class rating of its laminate flooring was material. Plaintiffs and the Class would not have purchased their laminate flooring had they known the true Abrasion Class rating of the laminate flooring, which is significant, recognizable, real, and demonstrable.

64.  Plaintiffs and the Class were harmed. As a proximate result of Defendant's conduct as set forth in this cause of action, Plaintiffs and the Class will now be required to remedy the defect in their laminate flooring, described above, so as to avoid the premature abrasion, scratching and failure of their laminate floors. In addition, Plaintiffs and the Class members have suffered damages, which include, but are not limited to the cost to replace the inferior quality laminate flooring.

65.  Defendant's concealment was a substantial factor in causing that harm.

66.  The wrongful conduct of Defendant, as alleged herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious, and/or in conscious disregard for the wellbeing of Plaintiffs and the Class. Defendant intended to cause injury to the Plaintiffs and the Class placing profits over providing a higher quality product which was advertised to the Plaintiffs. Defendant engaged and continues to engage in despicable conduct with a willful and conscious disregard of the rights or safety of others.  Defendant subjected, and continues to subject, Plaintiffs and the Class to cruel and unjust hardship. Accordingly, Plaintiffs and Class members are entitled to an award of punitive damages against Defendant in an amount to deter it from similar conduct in the future.

## FIFTH CAUSE OF ACTION

### Breach of Implied Warranty

67.  Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

68.  By placing its laminate flooring in the stream of commerce, Defendant impliedly warranted that its product had characteristics which made it more resilient to abrasion and normal wear and tear than flooring which had a lower AC Rating.

69.  Defendant's laminate flooring is not merchantable.  In breach of the implied warranty of merchantability, Defendant's laminate flooring is of a lesser quality than advertised and will fail and fall apart sooner than laminate flooring with

1 a true AC3 rating.

70. Defendant's laminate flooring was defective when it left Defendant's control and entered the market.

71. The laminate flooring defects were not open and/or obvious to consumers.

72. Any purported limitation of the duration and scope of the implied warranty of merchantability given by Defendant is unreasonable, unconscionable and void, because Defendant knew or recklessly disregarded that the defect in the laminate flooring existed and might not be discovered, if at all, until the flooring had been used for a period of time longer than the period of any written warranty, and Defendant willfully withheld information about the defect from purchasers of flooring. Moreover, due to the unequal bargaining power between the parties, Plaintiffs and the class members had no meaningful alternative to accepting Defendant's attempted pro forma limitation of the duration of any warranties.

73. As a result, Plaintiffs and proposed class members have been damaged in, *inter alia*, the amount they paid to purchase and replace Defendant's un-merchantable laminate flooring.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all other individuals similarly situated, requests the following relief:

A. That the Court determine that this action may be maintained as a class action under Rule 23;

B. That the Court appoint Plaintiffs' counsel herein to be Class Counsel;

C. Injunctive relief prohibiting Defendant from continuing to distribute and/or sell laminate flooring products with false AC Ratings, pursuant to California *Business and Professions Code* sections 17203 and California *Civil Code* section 1780;

D. Restitution of all monies Defendant received from Plaintiffs and the

class members based on its violation of California *Business and Professions Code* section 17200;

E. Damages to be determined in at trial including actual, compensatory, and consequential damages incurred by Plaintiffs and class members;

F. Punitive damages on the Third and Fourth Causes of Action;

G. An award of reasonable attorney's fees and costs;

H. That the Court award such other and further relief as this Court may deem appropriate.

DATED: May 20, 2015                ROBERTSON & ASSOCIATES, LLP

By: _____
ALEXANDER ROBERTSON, IV
Attorneys for Plaintiffs And The Proposed Class

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby requests a jury trial on the claims so triable.

DATED: May 20, 2015                ROBERTSON & ASSOCIATES, LLP

By: _____
ALEXANDER ROBERTSON, IV
Attorneys for Plaintiffs And The Proposed Class